UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

_____

NIA C. SAMUEL,                          Case Number: 9:23-cv-80681-AMC
an Individual,

       Plaintiff

vs.

HYUNDAI CAPITAL AMERICA, INC.,
d/b/a KIA FINANCE AMERICA,
a Foreign Corporation,

       Defendant.
_____

### DEFENDANT HYUNDAI CAPITAL AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Hyundai Capital America, identified herein as Hyundai Capital America, Inc. d/b/a Kia Finance America ("HCA"), by and through its attorneys, hereby submits its Answer and Affirmative Defenses to Plaintiff Nia Samuel's ("Plaintiff") Complaint, and states as follows:

### AS TO INTRODUCTORY PARAGRAPH

HCA denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint. Specifically, HCA denies violating the Consumer Leasing Act, 15 U.S.C. §1667 ("CLA") and/or 12 C.F.R. §1013, *et seq*. ("Regulation M")

## JURISDICTION AND VENUE

1. The allegations of Paragraph 1 are conclusions of law and are denied. HCA denies that it violated the CLA or Regulation M.

2. The allegations of Paragraph 2 are conclusions of law to which no response is necessary. To the extent that the allegations are directed to HCA, HCA does not challenge venue.

## PARTIES

3. HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 3, and therefore, the allegations are denied.

4. The allegations of Paragraph 4 are conclusions of law and are denied. It is admitted that HCA has customers in Florida HCA denies that it violated the CLA.

## NATURE OF ACTION

5. The allegations of Paragraph 5 are conclusions of law and are denied.

6. The allegations of Paragraph 6 are conclusions of law and are denied.

7. The allegations of Paragraph 7 are conclusions of law and are denied.

## THE CLA

8. The allegations of Paragraph 8 are conclusions of law and are denied.

9. The allegations of Paragraph 9 are conclusions of law and are denied.

10. The allegations of Paragraph 10 are conclusions of law and are denied.

11. The allegations of Paragraph 11 are conclusions of law and are denied.

12. The allegations of Paragraph 12 are conclusions of law and are denied.

13. The allegations of Paragraph 13 are conclusions of law and are denied.

14. The allegations of Paragraph 14 are conclusions of law and are denied.

15. The allegations of Paragraph 15 are conclusions of law and are denied.

**FACTUAL ALLEGATIONS**

16. Answering Paragraph 16 of the Complaint, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied.

17. Answering Paragraph 17 of the Complaint, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied. To the extent a further response is required, the allegations of Paragraph 17 refer to a writing which is the best evidence of what the document says. HCA denies any inferences or summarizations that are inconsistent with the document.

18. Answering Paragraph 18 of the Complaint, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied. To the extent a further response is required, the allegations of Paragraph 18 refer to a writing which is the best evidence of what

the document says.  HCA denies any inferences or summarizations that are inconsistent with the document.

19. Answering Paragraph 19 of the Complaint, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied.  To the extent a further response is required, the allegations of Paragraph 19 refer to a writing which is the best evidence of what the document says.  HCA denies any inferences or summarizations that are inconsistent with the document.

20. Answering Paragraph 20 of the Complaint, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied.  To the extent a further response is required, the allegations of Paragraph 20 refer to a writing which is the best evidence of what the document says.  HCA denies any inferences or summarizations that are inconsistent with the document.

21. Answering Paragraph 21 of the Complaint, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied.  To the extent a further response is required, the allegations of Paragraph 21 refer to a writing which is the best evidence of what the document says.  HCA denies any inferences or summarizations that are inconsistent with the document.

22. Paragraph 22 contains conclusions of law which are denied. To the extent a further response is necessary, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied.

23. Answering Paragraph 23 of the Complaint, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied. To the extent a further response is required, the allegations of Paragraph 23 refer to a writing which is the best evidence of what the document says. HCA denies any inferences or summarizations that are inconsistent with the document.

24. Answering Paragraph 24 of the Complaint, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied.

25. Paragraph 25 contains conclusions of law which are denied. To the extent that a further response is necessary, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied.

26. Answering Paragraph 26 of the Complaint, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied.

## COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C.§ 1667a

27. The allegations of Paragraph 27 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M.

28. The allegations of Paragraph 28 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M. To the extent that a further response is necessary, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied.

29. The allegations of Paragraph 29 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M.

30. The allegations of Paragraph 30 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M.

31. The allegations of Paragraph 31 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M. To the extent that a further response is necessary, HCA denies involvement in the charging of the alleged fees described above.

32. The allegations of Paragraph 32 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M. To the extent that a further response is necessary, HCA denies involvement in the charging of the alleged fees described above.

33. The allegations of Paragraph 33 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M.

34. The allegations of Paragraph 34 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M.

35. The allegations of Paragraph 35 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M. To the extent that a further response is necessary, HCA denies involvement in the charging of the alleged fees described above.

36. The allegations of Paragraph 36 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M. To the extent that a further response is necessary, HCA denies involvement in the charging of the alleged fees described above.

37. The allegations of Paragraph 37 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M.

38. The allegations of Paragraph 38 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M.

39. The allegations of Paragraph 39 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M. To the extent that a further response is necessary, HCA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, the allegations are denied.

40. The allegations of Paragraph 40 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M. To the extent that a further response is necessary, HCA denies involvement in the charging of the alleged fees described above.

41. The allegations of Paragraph 41 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M.

42. The allegations of Paragraph 42 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M.

43. The allegations of Paragraph 43 are conclusions of law and are denied. HCA denies violating the CLA or Regulation M.

## **PRAYER FOR RELIEF**

HCA denies the allegations in the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## **DEMAND FOR JURY TRIAL**

The Demand for Jury Trial contains no factual allegations; therefore, no response is required.

HCA denies any remaining allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, HCA alleges the following distinct defenses, without conceding that HCA bears the burden of proof or persuasion as to any of them:

## FIRST DEFENSE

The Complaint fails to set forth facts sufficient to state a claim against HCA.

## SECOND DEFENSE

To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, which HCA denies, Plaintiff has failed to mitigate those damages and her claims therefore are barred, in whole or in part.

## THIRD DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's conduct, actions and inactions that amount to and constitute an estoppel of the claims and any relief sought thereby.

## FOURTH DEFENSE

The Complaint, and each purported claim alleged therein, is barred by Plaintiff's conduct, actions and inactions that amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

## FIFTH DEFENSE

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff under the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiff is precluded from any recovery from HCA for a willful or knowing violation because any such violation, which HCA denies occurred, would not have been willful or knowing.

## SEVENTH DEFENSE

The imposition of liability and/or statutory damages under the CLA, as sought in the Complaint, would violate provisions of the United States Constitution, including the Due Process and Excessive Fines Clauses.

## EIGHTH DEFENSE

To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which HCA denies, any damage, injury and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of HCA.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH DEFENSE

Subject to further factual development, HCA is informed and believes, and on that basis alleges, that each claim and cause of action set forth in the Complaint, is barred, in whole or in part, because Plaintiff suffered no injury as a result of any act or practice of HCA.

## TWELFTH DEFENSE

Plaintiff lacks standing under Article III of the United States Constitution to assert the claims alleged in the Complaint. See *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016).

## THIRTEENTH DEFENSE

HCA reserves its right to compel arbitration based on the arbitration clause contained in the relevant agreement(s).

## **FOURTEENTH DEFENSE**

HCA expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, HCA requests the following relief:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff take nothing from HCA by virtue of the Complaint;

3. That the Court award HCA its attorneys' fees, expenses and costs to the full extent permitted by law; and

4. For such other and further relief as the Court deems just and proper.

Dated: June 5, 2023  Respectfully Submitted,

**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

By: *s/ Brandon T. White*
Brandon T. White, Esq.
Florida Bar No. 106792
brandon.white@hklaw.com

*Attorneys for Hyundai Capital America*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of June, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

*s/ Brandon T. White*
Brandon T. White

## SERVICE LIST

Joshua Feygin, Esq.
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
josh@jfeyginesq.com

*Counsel for Plaintiff*